IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA, #356764, | § § | |
| Petitioner, | § § | |
| v. | § § | 3:14-CV-0779-B-BK |
| WILLIAMS STEPHENS, Director TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that this petition be summarily dismissed without prejudice.

**I. BACKGROUND**

In 1983, Petitioner was convicted of aggravated robbery with a deadly weapon and aggravated rape and was sentenced to concurrent terms of 50 and 20-years' imprisonment. *State v. Padilla*, Nos. F83-88766, F82-90756 (203rd Judicial District Court, Dallas County, May 3, 1983). Petitioner unsuccessfully challenged his convictions and the denial of parole in numerous state and federal proceedings. *Padilla v. Stephens*, No. 3:13-CV-02273-L-BN, 2013 WL 4566889 *1 (N.D. Tex. Jul. 2, 2013) (collecting lengthy procedural history in state and federal courts), *recommendation accepted in part*, 2013 WL 3819452 (N.D. Tex. Jul. 24, 2013) (transferring in part and dismissing in part, and warning Petitioner that sanctions would be imposed if he filed yet another successive petition challenging his convictions); *Padilla v. Stephens*, No. 3:13-CV-1855-N-BN, 2013 WL 3283725 *1 (N.D. Tex. Jun. 28, 2013) (same, but

dismissing in lieu of transferring successive petition). Because of his numerous federal habeas petitions, Petitioner has been warned by this Court and the Fifth Circuit Court of Appeal that the continued submission of repetitious successive habeas petitions may result in sanctions, up to and including monetary sanctions. *See In re Padilla*, No. 13-10674 (5th Cir. Sept. 24, 2013); [Padilla v. Stephens, No. 3:13-CV-1702-N-BK, 2013 WL 5989339 *1 (N.D. Tex. Nov. 2013)](); [Padilla v. Stephens, No. 3:13-cv-2273-L-BN, 2013 WL 3819452 *3 (N.D. Tex. Jul. 2013)](); *see also Padilla v. Stephens*, No. [3:14-cv-00295-N-BH]() (N.D. Tex. Feb. 21, 2014) (recommendation, which is pending review, summarizes lengthy filing history and renews sanction warnings).

In this action, Petitioner again seeks to challenge his convictions. As the Court liberally construes his petition, he repeatedly asserts due process and equal protection violations as a result of counsel's failure to adequately represent Petitioner and seek DNA testing.[1] [[Doc. 3 at 6]]().

## II. ANALYSIS

This is Petitioner's fifth habeas action since November 2013 in which he has challenged his underlying convictions based on repetitious, frivolous grounds. *See Padilla v. Stephens*, Nos. [3:13-CV-04518-P-BF](), [3:14-CV-00295-N-BH](), [3:14-CV-00364-L-BF](), [3:14-CV-00456-D-BF]() (N.D. Tex.). Because this case is duplicative of the pending habeas cases, it should be dismissed without prejudice. *See Padilla v. Stephens*, Nos. [3:14-CV-00364-L-BF]() (N.D. Tex. Feb. 28, 2014) (dismissing habeas petition as duplicative); *see also Padilla v. Stephens*, No. [3:14-CV-00456-D-BF]() (N.D. Tex.) (recommending dismissal as duplicative).

---

[1] For the sake of judicial economy, in light of the numerous successive habeas corpus actions filed during the past few years, the Court does not issue a deficiency order requiring the $5 filing fee or an *in forma pauperis* motion.

Alternatively, Petitioner is well aware that this Court lacks jurisdiction over his current petition. Because he discharged his twenty-year sentence for aggravated rape in 2003, he is no longer "in custody" based on that conviction. *See Padilla v. Stephens,* No. 3:13-CV-1702-N-BK, 2013 WL 5989339 *1 (N.D. Tex. Nov. 2013) (dismissing habeas petition for lack of jurisdiction insofar as it challenged Petitioner's aggravated rape conviction). In addition, the Fifth Circuit Court of Appeals has not issued an order authorizing this Court to consider the successive claims challenging his aggravated robbery conviction. Because Petitioner must obtain such an order before he can file a successive application challenging his aggravated robbery conviction, his remaining claims should be dismissed without prejudice. *See* 28 U.S.C. § 2244(b)(3); *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion) (section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (same section 2254 habeas petition).

This Court has repeatedly warned Petitioner that sanctions may be imposed if he filed another successive habeas petition without first obtaining authorization from the United States Court of Appeals for the Fifth Circuit. *See Padilla v. Stephens*, No. 3:13-CV-1702-N-BK, 2013 WL 5989339 *1 (N.D. Tex. Nov. 2013); *Padilla v. Stephens*, No. 3:13-cv-2273-L-BN, 2013 WL 3819452 *3 (N.D. Tex. Jul. 2013); *Padilla v. Stephens*, No. 3:13-CV-1855-N-BN, 2013 WL 3283725 *1 (N.D. Tex. Jun. 28, 2013). Petitioner filed this action in an apparent attempt to disregard those orders and the Court of Appeals' denial of his 2013 motion for leave to file a successive application, which raised similar claims and warned him that sanctions would be imposed. *See In re Padilla*, No. 13-10674 (5th Cir. Sept. 24, 2013). Thus, it is recommended

that Petitioner be barred from filing any successive habeas petition in this Court challenging his aggravated robbery and aggravated rape convictions unless accompanied by a motion for leave to file.  "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice as duplicative.

Alternatively, it is recommended that the petition be summarily **DISMISSED** without prejudice for lack of jurisdiction because Petitioner is no longer in custody on his aggravated rape conviction, and he has not obtained authorization to file a successive habeas petition from the Court of Appeals with respect to his aggravated robbery conviction.  *See* 28 U.S.C. § 2244(b)(1) and (3).

It is further recommended that Petitioner be **BARRED** from filing any successive habeas petition in this Court challenging his aggravated robbery and rape convictions unless accompanied by a motion for leave to file.

SIGNED March 6, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE